Judge ERDMANN
delivered the opinion of the court.
Technical Sergeant (E-6) Laurence H. Finch pleaded guilty at a general court-martial to one specification of receiving and possessing child pornography and one specification of distributing child pornography, both in violation of Article 134(1) and (2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). The military judge found Finch guilty in accordance with his pleas and sentenced him to confinement for seven years, reduction to E-l, and a dishonorable discharge. The convening authority approved the adjudged sentence. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Finch, No. ACM 38081 (Misc. Dkt. No. 2012-13), 2013 CCA LEXIS 33, at *11, 2013 WL 376065, at *4 (A.F.Ct. Crim.App. Jan. 25, 2013).
We granted review in this ease to determine whether the military judge erred when he determined the maximum sentence to confinement was thirty years.[1] Following the court’s grant of review, the Air Force Judge Advocate General (TJAG) certified an issue which questioned the providence of Finch’s guilty plea.[2]
We hold, consistent with United States v. Leonard, 64 M.J. 381 (C.A.A.F.2007), that the military judge did not err in determining the maximum sentence to confinement. In addition, based upon our review of the record, there is no substantial basis in law or fact to question Finch’s pleas of guilty to the offenses. See United States v. Inabinette, 66 M.J. 320, 322 (C.A.A.F.2008). We therefore affirm the decision of the CCA.

*146
Factual Background

The specifications in this ease alleged that Finch knowingly and wrongfully received, possessed (Specification 1), and distributed (Specification 2) “visual depictions of a minor engaging in sexually explicit conduct.”[3] When the military judge asked trial counsel for his calculation of the maximum sentence, trial counsel responded “30 years confinement; total forfeitures of all pay and allowances; reduction to E-l; and a dishonorable discharge.” The military judge then asked trial defense counsel if he agreed and he responded “Yes, Your Honor.” Consistent with the agreement of both counsel, the military judge then advised Finch of the agreed maximum possible sentence. There is no indication in the record as to what the parties relied upon to determine the maximum possible sentence to confinement. However, the CCA noted that the analogous federal offenses provide for a maximum punishment of thirty years for the two specifications.[4] Finch, 2013 CCA LEXIS 33, at *4, 2013 WL 376065, at *2.
During the subsequent providence inquiry, the military judge initially advised Finch of the elements of the Specification 1 and went on to provide definitions of “divers,” “wrongful,” “knowingly,” “possess,” and “receive.” At that point the military judge stated:
There is no requirement that the images in this case include actual images of minors; That is, the wrongful and knowing receipt and possession of visual depictions containing sexually explicit images of persons indistinguishable from minor children, whether actual or virtual, when determined to be service-discrediting conduct and conduct prejudicial to good order and discipline, is an offense under Article 134.
Following that statement, the military judge resumed his definitions of relevant terms, which included the term “minor.” The military judge defined “minor” as “any person under the age of 18 years,” which is the definition found in 18 U.S.C. § 2256(1). Following an extensive providence inquiry, the military judge accepted Finch’s pleas.
In his appeal to the Air Force Court of Criminal Appeals, Finch argued that the military judge calculated the incorrect maximum sentence to confinement and that the Staff Judge Advocate (SJA) misadvised the convening authority on clemency matters. Finch, 2013 CCA LEXIS 33, at *1, 2013 WL 376065, at *1. The CCA affirmed the findings and sentence, holding that the offenses charged were analogous to the “offenses of knowing receipt and possession as well as knowing distribution of child pornography, under 18 U.S.C. § 2252A(a)(2), (5), for purposes of determining the maximum punishment.” Id. at *4, 2013 WL 376065, at *2. The CCA found no error in the recommendation of the SJA in regard to the clemency matters and went on to hold that there was “no substantial basis to question appellant’s guilty plea.” Id. at *8-*10, 2013 WL 376065, at *3-*4.

Discussion

The Granted Issue

The granted issue asks whether the military judge erred in calculating the maxi *147 mum punishment to confinement. Finch argues that the specifications did not allege, nor did the providence inquiry establish, that the depicted images were actual minors. Since the specifications did not allege any offense punishable under Title 18, United States Code, Finch argues that the maximum period of confinement for each of the two Article 134 specifications was four months, citing United States v. Beaty, 70 M.J. 39 (C.A.A.F.2011). In addition to questioning the maximum sentence calculation, Finch also argues that his plea was not provident to an offense involving images of actual minors as the military judge specifically advised him that “[t]here is no requirement that the images in the case include actual images of minors.” Finch’s arguments as to the providence of the plea will be discussed under the certified issue, which also raises the providence issue.
The government responds that the military judge’s calculation of the maximum sentence was correct as the specifications in this case are substantially the same as the specifications in Leonard, which this court recognized as being directly analogous to Title 18 offenses.
Where an offense is listed in Part IV of the Manual for Courts-Martial, United States (MCM), the maximum punishment is set forth therein. Beaty, 70 M.J. at 42 (citing R.C.M. 1003(e)(1)(A)(i)). Neither the receipt and possession specification nor the distribution of child pornography specification (involving either an actual minor or what appears to be a minor) was a listed offense at the time of Finch’s court-martial. For offenses not listed in Part IV, the maximum punishment depends on whether the offense is included in or closely related to a listed offense in the MCM. R.C.M. 1003(c)(1)(B); Leonard, 64 M.J. at 383; Beaty, 70 M.J. at 42 n. 7. In this case, neither the receipt and possession of child pornography nor the distribution of child pornography specifications were included in, or closely related to, a listed offense. Leonard, 64 M.J. at 383; Beaty, 70 M.J. at 42.
Therefore this case presents a situation where the offenses at issue were neither ■listed in Part IV nor included in or closely related to any offense listed in the MCM. In such a case, R.C.M. 1003(c)(l)(B)(ii), provides that “[a]n offense not listed in Part IV and not included in or closely related to any offense listed therein is punishable as authorized by the United States code, or as authorized by the custom of service.” Neither Finch nor the government argue that a custom of the service establishes the maximum sentence in this case. The question, therefore, is whether the offenses in this case are analogous to 18 U.S.C. § 2252A(a)(2) and (5), punishable by sentences of twenty years and ten years respectively, or whether they are simple disorders punishable by four months of confinement. Beaty, 70 M.J. at 45. That determination is dependent on whether the specifications alleged offenses involving both actual and virtual images of minors or just images of actual minors. The CCA upheld the military judge’s thirty-year maximum sentence calculation with reference to 18 U.S.C. § 2252A(a)(2) and (5), which are restricted to actual minors. Finch, 2013 CCA LEXIS 33, at *4, 2013 WL 376065, at *2.
In Leonard, 64 M.J. at 382, 384, we determined that the military judge did not err in setting the maximum punishment for a specification and charge of possession of visual depictions of minors engaging in sexually explicit activity by reference to the maximum punishment authorized by 18 U.S.C. § 2252(a)(2), (b)(1). We explained:
We have looked before at the maximum sentence for offenses charged under clauses 1 or 2 of Article 134, UCMJ, that include the conduct and mens rea proscribed by directly analogous federal criminal statutes. In doing so, we focused on whether the offense as charged is “essentially the same,” as that, proscribed by the federal statute. United States v. Jackson, 17 C.M.A. 580, 583, 38 C.M.R. 378, 381 (1968); see also United States v. Williams, 17 M.J. 207, 216-17 (C.M.A.1984) (upholding sentence for kidnapping under clauses 1 or 2 by referencing the maximum sentence for a violation of the federal kidnapping statute). The military judge did not err by referencing a directly analogous federal statute to identify the maximum punish *148 ment in this case, when every element of the federal crime, except the jurisdictional element, was included in the specification.
Id. at 384 (emphasis added).
As in Leonard, here all elements of the federal crimes, except the jurisdictional element, were included in the specifications. Appellant was charged with receipt, possession, and distribution of “visual depictions of a minor engaged in sexually explicit conduct.” We agree with the CCA’s determination that the analogous federal provisions are 18 U.S.C. § 2252A(a)(2), which criminalizes receipt and distribution of child pornography, and § 2252A(a)(5), which criminalizes possession.[5] The term “child pornography” is defined in § 2256(8)(B) to include “any visual depiction ... of a minor engaging in sexually explicit conduct.” These sections are directly analogous to the specifications in this case. The definition does not distinguish between minors and actual minors. Neither do the sections of the statute directly criminalizing receipt and distribution and possession of child pornography. Accordingly, we hold that the CCA did not err in holding that the maximum possible sentence was based on the analogous portions of 18 U.S.C. § 2252A, which address essentially the same offenses as charged in Finch’s ease, and affirm that portion of the CCA’s decision.

The Certified Issue

The issue certified by TJAG asks the court to provide the “appropriate remedy” if the specifications sufficiently alleged that the visual depictions were of actual minors, but the military judge’s definitions were inconsistent with the alleged specifications. Essentially, TJAG seeks review of the providence of Finch’s guilty plea. As noted, Finch argues that his plea to the specifications which involved images of actual minors was not provident as the military judge specifically advised him that the images could be either actual or virtual. The government aeknowl-edges that advisement but argues that the singular reference in context of the entire providence inquiry is insufficient to render the plea improvident.
“During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it.” Inabinette, 66 M.J. at 321-22. “A military judge’s decision to accept a guilty plea is reviewed for an abuse of discretion.” Id. at 322 (citations and internal quotation marks omitted). In order to ensure a provident plea, the military judge must “accurately inform Appellant of the nature of his offense and elicit from him a factual basis to support his plea.” United States v. Negron, 60 M.J. 136, 141 (C.A.A.F.2004). “An essential aspect of informing Appellant of the nature of the offense is a correct definition of legal concepts. The judge’s failure to do so may render the plea improvident.” Id. However, “an error in advising an accused does not always render a guilty plea improvident. Where the record contains factual circumstances that objectively support the guilty plea to a more narrowly construed statute or legal principle, the guilty plea may be accepted.” Id. (citations and internal quotation marks omitted). “To prevail, Appellant has the burden to demonstrate a substantial basis in law and fact for questioning the plea.” Id. (citation and internal quotation marks omitted). The “mere possibility” of a conflict between the accused’s plea and statements or other evidence in the record is not a,sufficient basis to overturn the trial results. United States v. Garcia, 44 M.J. 496, 498 (C.A.A.F.1996) (citation and internal quotation marks omitted).
Finch’s argument centers on the military judge’s statement that the images could display either actual or virtual minors. Finch argues that this inconsistent statement caused confusion and, as a result, he could *149 not be sure whether he was pleading to offenses involving actual minors with a maximum sentence of thirty years or offenses involving virtual minors with a maximum sentence of eight months. An initial difficulty with this argument is that Finch’s trial defense counsel explicitly agreed with the government’s calculation of a maximum sentence to confinement of thirty years, a statute limited to actual minors. We note that six months prior to Finch’s court-martial, this court held that possession of virtual child pornography charged under Article 134, clauses 1 and 2, was punishable as a simple disorder with a maximum punishment of four months of confinement. See Beaty, 70 M.J. at 45. In light of the holding in Beaty, the providence inquiry reflects that the parties proceeded with the understanding that the specifications involved actual minors with the corresponding thirty-year maximum sentence despite the military judge’s inconsistent reference to virtual minors. At no point during the providence inquiry or sentencing portion of. the trial was there any expression of surprise or confusion as to the maximum sentence.
A further review of the providence inquiry record supports this conclusion. Following the military judge’s inconsistent statement, he defined the term “minor” as used in the specification as a “person under the age of 18 years.” That definition is identical to the definition of “minor” as the term is used in 18 U.S.C. § 2252A(a)(2) and (5), which are limited to actual minors. See 18 U.S.C. § 2256(1).[6]
In discussing “sexually explicit conduct” the military judge informed Finch of the factors to consider in determining whether the depictions included “lascivious exhibition of the genitals or pubic area of any person.” (Emphasis added.) When the military judge asked Finch why he believed the “individuals” depicted were under the age of eighteen, Finch responded, “Sir, they appeared — their bodies were not developed.” Further, Finch responded “yes” when the military judge asked him if he understood the elements and definitions described and “yes” when asked “do you believe and admit that the elements and definitions taken together correctly describe what you did?”
Finch told the military judge that he “knowingly received and possessed visual depictions of minors engaging in sexually explicit conduct.” He said that he “saw that images of minors engaged in sexually explicit conduct were downloaded and I knowingly kept them on my computer.” Finch admitted that the descriptions or file names contained words like “underage,” “minor,” or “child.” He answered “yes” to similar questions relating to the second specification alleging distribution of those images.
Our review of the record of the providence inquiry reflects that, despite the single inconsistent reference to images of virtual minors, the parties proceeded as though the allegations involved actual persons and the military judge elicited adequate information from Finch to support the plea. Consequently, Finch has failed to establish that a substantial basis in law or fact exists to reject his plea. See, e.g., Garcia, 44 M.J. at 499.

Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

. We granted review of the following issue:
Where the Article 134 child pornography specifications of which Appellant was convicted did not allege that the images depicted actual minors and where the military judge advised Appellant during the providence inquiry that "There is no requirement that the images in this case include actual images of minors," is the maximum authorized confinement for each specification limited to four months?
United States v. Finch, 72 M.J. 384 (C.A.A.F.2013) (order granting review).

. TJAG certified the following issue:
If the court finds that the specifications sufficiently alleged that the visual depictions were of actual minors but that the military judge’s definitions were inconsistent with the alleged specifications, what is the appropriate remedy, if any, to be given?
United States v. Finch, 72 M.J. 402 (C.A.A.F.2013) (docketing notice).

. Specification 1 of the charge alleged that Finch:
[D]id, within the continental United States, on divers occasions between on or about 1 July 2006 and on or about 18 December 2008, knowingly and wrongfully receive and possess visual depictions of a minor engaging in sexually explicit conduct, which conduct was, under the circumstances, prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.
Specification 2 of the charge alleged that Finch:
[Did], both within and outside the continental United States, on divers occasions between on or about 1 July 2006 and on or about 18 December 2008, knowingly and wrongfully distribute visual depictions of a minor engaging in sexually explicit conduct, which conduct was, under the circumstances, prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

. 18 U.S.C. § 2252A(b)(l) sets out the maximum imprisonment for violation of 18 U.S.C. § 2252A(a)(2) (distribution) at twenty years. 18 U.S.C. § 2252A(b)(2) sets the maximum imprisonment for a violation of 18 U.S.C. § 2252A(a)(5) (possession) at ten years. Violation of these two federal statutes results in a maximum sentence to confinement of thirty years.

. Appellant’s citation to 18 U.S.C. § 2252A(a)(3)(B) is inapposite, as that section targets the advertisement, promotion, presentation, distribution, or solicitation of material in a manner that reflects the belief, or intends to cause another to believe, that the material is either obscenity (of "a minor”) or child pornography (of an "actual minor”). This is not analogous to the receipt, possession, and distribution offenses for which Appellant was charged, which make no distinction between obscenity of "a minor” and child pornography of "an actual minor.”

. The plain meaning of the term "person” references an actual person rather than a virtual person. See United States v. Schell, 72 M.J. 339, 343 (C.A.A.F.2013) ("Unless the text of a statute is ambiguous, the plain language of a statute will control unless it leads to an absurd result.”) (citation and internal quotation marks omitted).