**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant ZACHARY R. LYNCH**
**United States Air Force**

**ACM 38094 (rem)**

**28 March 2014**

Sentence adjudged 20 December 2011 by GCM convened at Joint Base Elmendorf-Richardson, Alaska. Military Judge: W. Shane Cohen (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 18 months, reduction to E-1, and a reprimand.

Appellate Counsel for the appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Brian C. Mason; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and MITCHELL
Appellate Military Judges

UPON REMAND

This opinion is subject to editorial correction before final release.

PER CURIAM:

Before a general court-martial composed of military judge alone, the appellant was charged with and pled guilty to one specification of knowingly and wrongfully possessing one or more video files "*of minors* engaging in sexually explicit conduct" and one specification of knowingly and wrongfully possessing one or more images "*of minors* engaging in sexually explicit conduct," in violation of Article 134, UCMJ,

10 U.S.C. § 934 (emphasis added).[1]  The military judge merged the two specifications for sentencing and determined the maximum punishment by referencing 18 U.S.C. § 2252A(b)(2), which sets maximum confinement at 10 years for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5).  The court adjudged a bad-conduct discharge, confinement for 22 months, reduction to E-1, and a reprimand.  The convening authority approved confinement for 18 months and otherwise approved the sentence as adjudged.

On appeal, the appellant argued that the military judge erred when he used the punishment authorized for possession of child pornography under 18 U.S.C. § 2252A(a)(5) for purposes of determining the maximum punishment.  Alternatively, the appellant argued that the plea inquiry was improvident because the military judge failed to establish the appellant possessed images of actual children.

On 14 May 2013, we issued a decision denying the appellant relief.  *United States v. Lynch*, ACM 38094 (A.F. Ct. Crim. App. 14 May 2013) (unpub. op.).  On 23 July 2013, upon our own motion, this Court vacated the previous decision for reconsideration before a properly constituted panel, and affirmed our prior decision.  *United States v. Lynch*, ACM 38094 (recon) (A.F. Ct. Crim. App. 23 July 2013) (unpub. op.).  The appellant filed a petition for review with the Court of Appeals for the Armed Forces on 18 December 2013.  On 31 October 2013, our superior court granted the appellant's petition for review on the issue of whether our panel was properly constituted.  *United States v. Lynch*, ___ M.J. ___, No. 13-0717/AF (Daily Journal 31 October 2013).  In that same order, the Court set aside our decision and remanded the case for an additional review and consideration of the panel constitution under Article 66(c), UCMJ, 10 U.S.C. § 866(c).  *Id.*

On 6 March 2014, our superior court issued its opinion in *United States v. Finch*, 73 M.J. 144 (C.A.A.F. 2014).  In *Finch*, the appellant was charged with "receipt, possession, and distribution of "visual depictions of a minor engaged in sexually explicit conduct."  *Id.* at 148.  The Court upheld our decision, which affirmed the trial court's determination that the maximum punishment was properly based on analogous portions of 18 U.S.C. 2252A, which addressed essentially the same offenses as charged in Finch's case.  *Id.*  In addition, the Court found no substantial basis in law or fact to reject Finch's plea as improvident.[2]  *Id.* at 149.

---

[1] The specifications alleged, in the disjunctive, both Clauses 1 and 2 of the terminal element of Article 134, UCMJ, 10 U.S.C. § 934.

[2] During the providence inquiry in *United States v. Finch*, 73 M.J. 144 (C.A.A.F. 2014), the military judge advised the accused that images that could be used to satisfy the elements of his alleged offense of distribution of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934, could be of either actual or virtual minors.  After being found guilty, in accordance with his plea, he appealed, arguing this inconsistent statement from the military judge caused confusion and that he could not be sure if he was pleading guilty to offenses involving actual minors with a maximum sentence of 30 years or offenses involving virtual minors with a maximum sentence of 8 months.  *Id.* at 149.  Our superior court held that despite this one inconsistency, the parties proceeded as though the

The decision in *Finch* resolves the issues raised by the appellant against him. The crime charged here is punishable as authorized by the United States Code section referenced by the military judge, which criminalizes possession of child pornography. The term "child pornography" includes any visual depiction of sexually explicit conduct where (1) the visual depiction involves "the use of *a minor* engaging in sexually explicit conduct," or (2) the visual depiction is "a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of *a minor* engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A)-(B) (emphasis added). Consistent with that definition, the specifications here allege the wrongful and knowing possession of images and videos of *minors* engaging in sexually explicit conduct. Therefore, the military judge correctly used the punishment authorized for possession of child pornography under 18 U.S.C. § 2252A(a)(5) for purposes of determining the maximum punishment. *See Finch*, 73 M.J. at 148; Rule for Courts-Martial 1003(c)(1)(B)(ii) (an offense not listed in or closely related to one listed in the *Manual for Courts-Martial* is punishable as authorized by the United States Code).

We also rely on *Finch* to find that the appellant's plea was provident. *Finch*, 73 M.J. at 148-49. We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). In doing so, we apply the substantial basis test and look for something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the guilty plea. *Inabinette*, 66 M.J. at 322; *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991) (a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea). "An accused must know to what offenses he is pleading guilty." *United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008). A military judge's failure to explain the elements of a charged offense is error. *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969). Accordingly, "a military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citing *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996).

Here, we find nothing that would raise a substantial question regarding the appellant's guilty plea. The military judge correctly explained the elements and definitions of the offenses to include defining "minor" as "any person under the age of 18 years." After acknowledging his understanding of the elements and definitions, the appellant admitted to possessing videos and still images *of minors* engaged in sexually explicit conduct. He told the judge that the age range of the persons in the videos was "[b]etween the ages of 12 and 17." The judge pointedly asked, "[D]o you have any doubt

---

allegations involved actual minors and the military judge gathered enough information from the accused to support his plea. *Id.*

in your mind as you sit here today, that you possessed approximately 10 videos of minors between the ages of 12 to 17 years of age who were engaged in sexually explicit conduct as I have defined that term for you?"  The appellant replied, "No, sir."  The judge conducted a similar inquiry regarding the ages of the persons in the still images.  The appellant told the judge that the persons in the images were "[b]etween the ages of 9 and 17" and that he had no doubt they were under the age of 18.  In consideration of the entire inquiry, we find no substantial basis to question the appellant's guilty plea.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court