# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman EDUARDO H. APODACA
### United States Air Force

## ACM 38871

## 19 April 2016

Sentence adjudged 9 June 2015 by GCM convened at Spangdahlem Air Base, Germany.  Military Judge:  Donald R. Eller Jr.

Approved Sentence:  Dishonorable discharge, confinement for 20 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant:  Captain Annie W. Morgan.

Appellate Counsel for the United States:  Lieutenant Colonel Christopher C. Vannatta and Gerald R. Bruce, Esquire.

Before

ALLRED, TELLER, and ZIMMERMAN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Senior Judge:

Appellant was convicted by a military judge sitting alone, in accordance with his pleas, of attempted indecent viewing, viewing child pornography, and possession of child pornography, in violation of Articles 80 and 134, UCMJ, 10 U.S.C. §§ 880, 934.  The court sentenced him to a dishonorable discharge, 20 months of confinement, forfeiture of all pay and allowances, and reduction to E-1.  The sentence was approved, as adjudged, on 6 August 2015.

Appellant argues that the military judge incorrectly calculated the maximum punishment and that the sentence was inappropriately severe.[*] Finding no error that materially prejudices a substantial right of Appellant, we affirm the findings and sentence.

*Background*

The investigation of Appellant began after he was discovered attempting to use the camera on his mobile phone to view a minor in the bathroom stall of a public restroom. In the course of the investigation, investigators searched Appellant's laptop computer and identified digital images of child pornography. Appellant pled guilty to the attempted indecent viewing of the minor in the bathroom, two specifications of viewing child pornography, and one specification of possessing child pornography. Appellant's misconduct occurred both before and after the President enumerated a specific offense relating to child pornography under Article 134, UCMJ. Accordingly, the Government charged conduct prior to 12 January 2012, the effective date of the new offense, separately from the conduct after the effective date.

*Calculation of Maximum Punishment*

Appellant asserts that the military judge erred in concluding that the maximum punishment for the conduct alleged in Charge II, Specification 2, included 10 years of confinement. We review a military judge's calculation of the maximum punishment de novo. *United States v. Beaty*, 70 M.J. 39, 41 (C.A.A.F. 2011).

Appellant argues that the maximum punishment for Charge II, Specification 2, should have been limited to four months of confinement because the specification did not explicitly allege the images depicted "actual" minors. We disagree. The specification alleged, in relevant part, that Appellant wrongfully viewed "child pornography, to wit: visual depictions of minors engaging in sexually explicit conduct." Our analysis of the specification involves a straightforward application of *United States v. Leonard*, 64 M.J. 381 (C.A.A.F. 2007), and *United States v. Finch*, 73 M.J. 144 (C.A.A.F. 2014). In *Finch*, our superior court addressed this issue in the context of receipt and possession of child pornography.

> As in *Leonard*, here all elements of the federal crimes, except the jurisdictional element, were included in the specifications. Appellant was charged with receipt, possession, and distribution of "visual depictions of a minor engaged in sexually explicit conduct." We agree with the [Court of Criminal Appeals'] determination that the analogous federal provisions are 18 U.S.C. § 2252A(a)(2), which criminalizes receipt and distribution of child pornography, and

[*] The second issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

§ 2252A(a)(5), which criminalizes possession. The term "child pornography" is defined in § 2256(8)(B) to include "any visual depiction . . . of a minor engaging in sexually explicit conduct." These sections are directly analogous to the specifications in this case. The definition does not distinguish between minors and actual minors. Neither do the sections of the statute directly criminalizing receipt and distribution and possession of child pornography. Accordingly, we hold that the CCA did not err in holding that the maximum possible sentence was based on the analogous portions of 18 U.S.C. § 2252A, which address essentially the same offenses as charged in Finch's case, and affirm that portion of the [Court of Criminal Appeals'] decision.

*Finch*, 73 M.J. at 148 (ellipses in original). Although the specification at issue in this case alleges wrongful viewing of child pornography rather than receipt or possession, the analysis is the same. The military judge correctly determined that the specification in this case was analogous to 18 U.S.C. § 2252A(a)(5)(A), in that all the elements of the federal crime of knowingly accessing child pornography with the intent to view, except the jurisdictional element, were included in Specification 2 of Charge II. *See id.* The Government alleged Appellant viewed "visual depictions of minors engaging in sexually explicit conduct," which is sufficient to allege all the elements of the federal crime. It is the language of the specification that governs, and not the existence or non-existence of any potential alternate theory of liability.

Appellant further argues that the military judge introduced ambiguity with regard to whether the images at issue in Charge II, Specification 2, were required to depict actual minors. We disagree. As the specifications in this case covered misconduct under two different theories of liability, the military judge was required to discuss the law applicable to both. We find that the military judge adequately alerted Appellant to this aspect of the charges. In discussing the elements of Charge II, Specification 3, under which the Government was not required to show that any depiction was of an actual minor, he advised Appellant, "[T]his is different, because again, the charged timeframe starts 12 January 2012, because the law changed, so I am going to give you some definitions that are slightly different than what I described to you before, so just listen up and if you have any questions we will talk about it, all right?"

We find that the military judge properly determined the maximum sentence and that neither the language of the specification nor the military judge's colloquy with Appellant created any ambiguity as to whether the offense alleged in Charge II, Specification 2, related to actual minors.

*Sentence Severity*

Appellant also argues, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that his sentence was too severe. We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)). The appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases. *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985).

Appellant argues that the confinement imposed is disproportionate to the charged offenses, yet asks only that we disapprove the dishonorable discharge in favor of a bad-conduct discharge. We note that the confinement adjudged and approved was less than the maximum agreed to in Appellant's pretrial agreement and that Appellant did not request relief from the adjudged confinement in his clemency request. Although Appellant draws our attention to his "four years of otherwise honorable service" and his "stellar enlisted performance reports," we weigh his assertions against his admission that, for much of that time, he was engaged in the wrongful viewing or possession of child pornography. We have given individualized consideration to this particular appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We find the sentence was appropriate in this case and was not inappropriately severe.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court