# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38992**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Travone J. ALFORD**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 March 2017

———————————

*Military Judge:* Andrew Kalavanos (sitting alone).

*Approved sentence:* Dishonorable discharge, confinement for 3 years, and reduction to E-1. Sentence adjudged 15 October 2015 by GCM convened at Royal Air Force Mildenhall, United Kingdom.

*For Appellant:* Captain Patrick A. Clary, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SPERANZA, and JOHNSON, *Appellate Military Judges.*

Judge JOHNSON delivered the opinion of the Court, in which Senior Judge MAYBERRY and Judge SPERANZA joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

JOHNSON, Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas, of one specification of willfully disobeying a superior commissioned officer on divers occasions, one specification

of committing a sexual act upon a child under the age of 16 years on divers occasions, and two specifications of committing a sexual act upon another child under the age of 16 years, in violation of Articles 90 and 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 920b. The court-martial sentenced Appellant to a dishonorable discharge, confinement for three years, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant raises three assignments of error: (1) the military judged erred by finding Appellant guilty of violating his commander's order on divers occasions when the evidence indicated only a single violation; (2) the trial counsel's sentencing argument improperly referred to aggravating facts not in evidence; and (3) a facially unreasonable delay in the post-trial processing of Appellant's case warrants relief under *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006) and *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). Finding no relief is warranted, we affirm the findings and sentence.

## I. BACKGROUND

Appellant was stationed at Royal Air Force Mildenhall, United Kingdom. On multiple occasions between March and May of 2015, Appellant engaged in vaginal sexual intercourse with EG, a dependent family member who had informed Appellant she was 15 years old. On one occasion during this same time frame, Appellant also engaged in oral and vaginal sexual intercourse with EG's schoolmate, SS, who, as Appellant knew, was also only 15 years old.

In May 2015, Appellant's activities came to the attention of the Air Force Office of Special Investigations, which initiated an investigation. On 12 May 2015, Appellant's commander, Major (Maj) JB, ordered him orally and in writing not to have contact with any child under the age of 16 years, to include verbal, non-verbal, and third party communications. The order was to remain in effect for 90 days. Appellant acknowledged in writing that he received and understood the order.

Later that month, Appellant went on leave to South Carolina for the purported purpose of marrying his fiancée. While on leave, he violated his commander's order by exchanging text messages with yet another 15-year-old girl, SW, for the purpose of arranging to meet her at a grocery store.

At trial, Appellant pleaded guilty to the charges and specifications pursuant to a pretrial agreement with the convening authority. A stipulation of fact stated, *inter alia*, that both EG and SS informed Appellant they were 15 years old before he engaged in sexual acts with them. The stipulation also contained the following description of Appellant's violation of his commander's order:

On or about 23 May 2015, while on leave in Marion County, South Carolina, with the purported intent to marry his fiancé[e], [Appellant] violated [Maj JB's] no contact order. He did so by exchanging text messages with [SW], a fifteen year old person who was not his fiancé[e], on or about 27 May 2015 at around 2100 . . . . The purpose of the conversation was to arrange a meeting at the Food Lion Grocery Store. [Appellant] later met and picked up [SW] at the Food Lion Grocery Store.

Before accepting the guilty pleas, the military judge conducted a colloquy with Appellant. When the military judge asked Appellant to explain in his own words why he was guilty of willfully disobeying Maj JB's order, Appellant stated: "[H]e gave me a lawful order to [sic] my commanding officer, my superior, and I went on leave and I texted a 16 – no, I texted a 15-year-old and violated what he told me not to do." Trial counsel and trial defense counsel both opined no further inquiry was required with regard to this specification. The military judge subsequently found Appellant guilty of all charges and specifications.

In the sentencing phase of the trial, the Government introduced evidence that on 5 August 2015, Appellant pleaded guilty and was convicted in a civilian court in Marion County, South Carolina of second degree criminal sexual conduct with an 11- to 14-year-old minor, such conduct occurring on 1 August 2014, and of third degree criminal sexual conduct with a minor under 16, such conduct occurring on 23 May 2015—this latter offense occurring 11 days after Appellant received Maj JB's order not to have contact with children under 16 years old. The Government also called as a witness Mr. EC, the solicitor who prosecuted these charges in Marion County. Mr. EC testified about the certified record of these convictions but added no further details of the facts underlying the charges. The victim(s) were not identified.

During trial counsel's argument on sentencing, the following exchanges took place:

Assistant Trial Counsel [ATC]: In early January of 2015, [Appellant] noticed [EG] for the first time while he was at his duty location and she was playing basketball. He hunted her down in Instagram and found her and commented on a photo, and he started messaging her. And the name he chose, when he was trying to pick up this 14-year-old girl, was princecharms.

Defense Counsel [DC]: Again, Your Honor, facts not in evidence on what her age is, and he just said 14-years-old. There's no evidence on what her age was throughout this time other than 15.

Military Judge [MJ]: Was there evidence as to another age introduced?

ATC: Sir, there was not.

MJ: The evidence before the court, I believe, is that she's 15.

ATC: She was 15 during the charged time frame, not the time that I'm referencing.

DC: Again, Your Honor, there's no facts to support that. That is trial counsel testifying at this point.

MJ: Okay, it's already (garbled). I'm going to allow you to make your argument. So please proceed. So objection overruled.

. . .

ATC: [O]nly 11 days later from looking his commander in the face and telling him that he understood this order not to have contact with anyone under the age of 16, only 11 days later, [Appellant] directly defied this order by having sex with [SW] in South Carolina.

DC: Objection, Your Honor, that's facts not in evidence. The evidence says sexual misconduct, it doesn't articulate what in fact he did, and that was never brought out through Mr. [EC].

MJ: So trial counsel, you're saying he did what 11 days later with her?

ATC: That 11 days later he violated the no-contact order by having sex with [SW].

MJ: By having sex with her?

ATC: Yes, sir.

MJ: Okay, just give me one moment.

(The military judge reviewed documents.)

MJ: Okay, objection overruled. You may continue, thank you.

ATC: Now, this was the same girl that he had sex with before he went to the U[nited] K[ingdom], when she was only 14-years-old,

4

and of course, these are crimes he pled guilty to in South Carolina.[1]

## II. DISCUSSION

### A. Sufficiency of Guilty Plea to Violating Order on Divers Occasions

A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015). "A military judge abuses his discretion if he fails to obtain from the accused an adequate factual basis to support the plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). We afford significant deference to the military judge's determination that a factual basis exists to support the plea. *Id.* "The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014); *see Inabinette*, 66 M.J. at 322. "Appellant has the burden to demonstrate a substantial basis in law and fact for questioning the plea." *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014) (quoting *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004)) (internal quotation marks omitted).

In accordance with Appellant's pleas, the military judge found him guilty of willfully disobeying Maj JB's order at or near Marion, South Carolina, "on divers occasions, between on or about 23 May 2015 and on or about 3 June 2015." Appellant contends the military judge abused his discretion by accepting his plea to committing the offense on "divers" occasions because the evidence before the military judge at that point supported only a single violation of the order. Therefore, Appellant contends, this court should strike the "on divers occasions" language from the specification and reduce his term of confinement to 33 months.

We agree with Appellant that the stipulation of fact is not clearly drafted. It initially asserts Appellant violated the order "on or about 23 May 2015," but then proceeds to describe texting that occurred "on or about 27 May 2015 at around 2100." It recites that Appellant "later" met SW at a grocery store, but does not specify exactly what time or day this meeting occurred. In addition, we agree that the military judge's exploration of the factual basis for the plea was less than thorough. We further agree with Appellant that the record of

---

[1] Assistant trial counsel used a PowerPoint presentation during his argument that featured a timeline of Appellant's activities. Apparently based on the evidence of his civilian convictions, the timeline indicated Appellant had "sex" with SW on 1 August 2014 when she was 14 years old, and again had "sex" with her on 23 May 2015 when she was 15 years old.

Appellant's civilian conviction for criminal sexual conduct with a minor occurring on 23 May 2015 cannot be used to directly support the military judge's finding of guilty as to "divers" violations of the order because it was not introduced until findings were complete.

However, we find the military judge had an adequate factual basis to accept Appellant's plea, and the record indicates no substantial basis in law or fact to question that plea. *See Inabinette*, 66 M.J. at 322. Appellant told the military judge the specification accurately described what he did, to include that he violated the order on divers—that is, two or more—occasions. Although not clearly stated, the stipulation of fact implies an exchange of multiple texts between Appellant and SW on or about 27 May 2015. Even if Appellant had sent only one text to SW, the stipulation further implies his subsequent in-person meeting with SW occurred on or near the same date, and within the charged time frame of "between on or about 23 May 2015 and on or about 3 June 2015." Thus, the text coupled with the later in-person meeting supports a finding of multiple violations of the order. Furthermore, at no point in the proceeding was any matter introduced that was inconsistent with Appellant's plea to violating the order on divers occasions. *See id.* Indeed, the Government's sentencing evidence of Appellant's civilian conviction for criminal sexual conduct on 23 May 2015 with a minor under the age of 16 only made his guilt in this respect more obvious. Accordingly, we find no abuse of discretion.

## B. Trial Counsel Sentencing Argument

Improper argument is a question of law that we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014). When preserved by an objection, an allegation of improper argument is reviewed de novo to determine whether the military judge's ruling constitutes an abuse of discretion. *United States v. Sewell*, No. 16-0360, 2017 CCA LEXIS 59, at *11 (C.A.A.F. 1 Feb. 2017). When there is no objection at trial, we review the propriety of trial counsel's argument for plain error. *United States v. Halpin*, 71 M.J. 477, 479 (C.A.A.F. 2013). To prevail under a plain error analysis, Appellant must show (1) there was an error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right. *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007). "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Frey*, 73 M.J. at 248 (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)) (quotation marks omitted).

Counsel are to limit arguments to evidence in the record and reasonable inferences that can be drawn from that evidence. *United States v. Nelson*, 1 M.J. 235, 239–40 (C.M.A. 1975). Trial counsel is prohibited from injecting facts not in evidence into argument. *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007).

Where improper argument occurs during the sentencing portion of the trial, we "determine whether or not we can be 'confident that [the appellant] was sentenced on the basis of the evidence alone.'" *Frey*, 73 M.J. at 248 (quoting *Halpin*, 71 M.J. at 480). "Military judges are presumed to know the law and to follow it in the absence of clear evidence to the contrary." *Erickson*, 65 M.J. at 225. Similarly, military judges are also presumed to be able to distinguish between proper and improper sentencing arguments. *Id.*

Appellant argues assistant trial counsel's sentencing argument was improper in two respects. First, he notes assistant trial counsel referred to SW as a 14-year-old when the only evidence before the court was that she was 15 years old. Second, he argues assistant trial counsel improperly "testified" by injecting facts about Appellant's prior civilian conviction that were not in evidence before the military judge. Based on these asserted errors, Appellant requests his sentence to confinement be reduced by at least six months. We consider each contention in turn.

**1. EG's Age**

As described above, the stipulation of fact stated EG identified herself to Appellant as being 15 years old. Trial defense counsel objected when assistant trial counsel referred to EG as being 14 years old. Assistant trial counsel conceded no evidence had been introduced that EG was in fact 14 years old at any point in time relevant to the charged offenses. The military judge affirmed his understanding the only evidence was that she was 15. Yet, for reasons that are unclear, the military judge overruled the objection. The Government argues it was possible EG was 14 years old when Appellant began pursuing her, but that is insufficient to support a reasonable inference she was in fact 14 in January 2015. The argument was improper, and the military judge's ruling on the objection was an abuse of discretion.

Nevertheless, we are confident Appellant was sentenced on the basis of the evidence alone. *See Frey*, 73 M.J. at 248. The military judge clearly indicated he was aware the evidence indicated EG was 15 years old rather than 14. Moreover, in an argument occupying 11 pages of the record of trial, assistant trial counsel did not repeat any reference to EG being 14 years old. Furthermore, we presume the military judge knew Appellant was to be sentenced only on the basis of the charges and evidence before the court, and that argument by counsel is not evidence. *Erickson*, 65 M.J. at 225. We find nothing in the record to rebut these presumptions. Thus, we find the error did not materially prejudice Appellant's substantial rights and does not warrant relief. *See Frey*, 73 M.J. at 248.

### 2. Appellant's Prior Convictions

Appellant argues the evidence did not support assistant trial counsel's assertions that his civilian convictions involved "having sex," and that these crimes were committed with SW. The record of Appellant's civilian convictions indicated the 1 August 2014 offense involved "Sex/Criminal sexual conduct with minor, or Attempt – victim 11 to 14 yrs of age inclusive – Second deg[ree]," and the 23 May 2015 offense involved "Sex/Criminal sexual conduct with minor, 3rd degree – Commit/Attempt Lewd act (victim under 16 yrs & actor over 14 yrs)." In neither case does the record identify the victim.

Assuming *arguendo* and without deciding that the reference to Appellant "having sex" was not a reasonable inference from the evidence of the civilian convictions, and that the military judge's ruling on the objection was an abuse of discretion, we are nevertheless confident Appellant was sentenced on the basis of the evidence alone. Our conclusion is again informed by the presumption—which we find unrebutted by the record—that the military judge could distinguish between arguments and evidence, and that he knew Appellant was to be sentenced on the basis of the latter. *See id.* Thus the military judge would have recognized the evidence indicated some type of sexual misconduct with a minor, but not necessarily sexual intercourse.

Furthermore, even if the military judge had interpreted the "criminal sexual conduct" referred to in the record of Appellant's conviction in South Carolina to mean "sexual intercourse" based on assistant trial counsel's argument, we would find no material prejudice to a substantial right of Appellant. *See id.* We presume the military judge understood he was sentencing Appellant for the offenses charged at his court-martial, and not for Appellant's civilian convictions in South Carolina. In this context, the distinction between the aggravating evidence that Appellant had been convicted for two other instances of "criminal sexual conduct with a minor," which was in evidence, and the additional detail that this criminal sexual conduct specifically consisted of sexual intercourse, was minimal. Put another way, we are convinced that if assistant trial counsel had in his argument said "engaging in criminal sexual conduct" rather than "having sex," the outcome of the court-martial would have been no different.

Trial defense counsel did not object to assistant trial counsel identifying SW as the victim of Appellant's 23 May 2015 offense in South Carolina. Therefore, we review this aspect of the argument for plain error. Without deciding whether this reference was a "plain or obvious" error, we readily find no material prejudice to a substantial right of Appellant. *See Erickson*, 65 M.J. at 223. Whether Appellant engaged in criminal sexual conduct on 23 May 2015 with SW or with yet another 15-year-old child was of minimal significance. In either case, Appellant's civilian conviction served as equally aggravating evidence of

his pattern of sexual misconduct with minors and as additional evidence of his violation of Maj JB's no contact order. Thus, Appellant is entitled to no relief.

## C. Post-Trial Delay

Appellant's court-martial concluded on 15 October 2015 at Royal Air Force Mildenhall, United Kingdom. The convening authority, located at Ramstein Air Base, Germany, took action 102 days later on 25 January 2016. The record of trial was docketed with this court on 25 February 2016, 31 days after action. In *Moreno*, the Court of Appeals for the Armed Forces (CAAF) established a presumption of unreasonable post-trial delay when the convening authority does not take action within 120 days of trial, where a record of trial is not docketed with the service court within 30 days of the convening authority's action, and where this court does not render a decision within 18 months of the case being docketed. 63 M.J. at 142.[2] Appellant contends we should reduce his sentence to confinement by five days as a result of the presumptively unreasonable delay between the convening authority's action and docketing with this court. *See id.*

There are two steps to our analysis of whether Appellant is entitled to relief. First, we determine whether the delay in this case amounts to a denial of Appellant's due process right to speedy post-trial review and appeal. *Id.* at 135. Next, even if we find no due process violation, we also consider whether this court should exercise its power under Article 66(c), UCMJ, to grant relief for excessive post-trial delay. *Tardif*, 57 M.J. at 224.

The CAAF has identified four factors to consider in determining whether post-trial delay amounts to a violation of due process rights: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. *Moreno*, 63 M.J. at 135 (citing *United States v. Jones*, 61 M.J. 80, 83 (C.A.A.F. 2005), *United States v.*

---

[2] The Government, citing the CAAF's decision in *United States v. Roach*, 69 M.J. 17 (C.A.A.F. 2010), asserts "*[o]nly if* these presumptive [*Moreno*] timelines are exceeded is there an additional constitutional due process analysis pursuant to *Barker v. Wingo*, 407 U.S. 514 (1972) to determine if an appellant is entitled to relief." (Emphasis added.) We disagree. The Government misconstrues the significance of *Roach* and the role of the *Moreno* standards in protecting an appellant's right to speedy post-trial process and appellate review. As the CAAF stated in *Roach*, a "facially unreasonable delay" triggers a *Barker* analysis. *Roach*, 69 M.J. at 22; *see Moreno*, 63 M.J. at 135. A violation of the *Moreno* time standards is, per se, a facially unreasonable delay for purposes of *Barker*. *Moreno*, 63 M.J. at 142. However, such a violation is not the *exclusive* means by which an appellant can demonstrate a facially unreasonable delay. As we have noted before, it is possible for a facially unreasonable delay to occur even within the *Moreno* timelines. *See United States v. Swanson*, No. ACM 38827, 2016 CCA LEXIS 648, at *21–22 (A.F. Ct. Crim. App. 27 Oct. 2016) (unpub. op.).

*Toohey*, 60 M.J. 100, 102 (C.A.A.F. 2004)). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 533 (1972)). However, where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

As described above, the lapse of time between Appellant's court-martial and the docketing of his case with this court exceeded the *Moreno* standard by one day, establishing a facially unreasonable delay. *See Moreno*, 63 M.J. at 142. However, Appellant has not alleged any particular prejudice from the delay, and we find none. Balancing the remaining factors, although the Government has entirely failed to explain the delay, we do not find the delay so egregious as to adversely affect the public perception of the fairness of the military justice system. *See Toohey*, 63 M.J. at 362. Therefore, we find no due process violation.

Next we consider whether Article 66(c), UCMJ, relief pursuant to *Tardif* is appropriate. 57 M.J. at 224. We are guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.[3] We are mindful of the CAAF's admonition that "delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the least defensible of all [post-trial delays] and worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990) (internal hyphens omitted).

We note the Government has offered no explanation for the 31-day delay. Therefore, we presume there are no compelling reasons for the delay, and we weigh this factor entirely in Appellant's favor. However, balancing the remaining factors we conclude no extraordinary exercise of our Article 66(c) authority is warranted here. Considered as a whole, Appellant's case has not been subjected to excessive delay, and we discern no particular harm to Appellant. The

---

[3] These factors include: (1) How long the delay exceeded the standards set forth in *Moreno*; (2) What reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) Keeping in mind that our goal under *Tardif* is not to analyze for prejudice, whether there is nonetheless some evidence of harm (either to the appellant or institutionally) caused by the delay; (4) Whether the delay has lessened the disciplinary effect of any particular aspect of the sentence, and is relief consistent with the dual goals of justice and good order and discipline; (5) Whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the Service or at a particular installation; and (6) Given the passage of time, whether this court can provide meaningful relief in this particular situation. *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

delay has not lessened the disciplinary effect of Appellant's sentence. The delay has not adversely affected this court's ability to review Appellant's case or grant him relief, if warranted. These circumstances do not move us to reduce an otherwise appropriate sentence imposed by the military judge and approved by the convening authority.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court