UNITED STATES, Appellee,

v.

Shawn C. CLARK, Airman First Class,
U.S. Air Force, Appellant.

No. 99–0545.
Crim.App. No. S29602.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 16, 1999.

Decided Aug. 16, 2000.

EFFRON, J., delivered the opinion of the Court, in which SULLIVAN and GIERKE, JJ., joined. CRAWFORD, C.J., and EVERETT, S.J., each filed an opinion concurring in the result.

For Appellant: *Major Marc A. Jones* (argued); *Colonel Jeanne M. Reuth* and *Major Stephen P. Kelly* (on brief); *Colonel Theodore J. Fink* and *Lieutenant Colonel James R. Wise.*

For Appellee: *Captain Mitchel Neurock,* USAFR (argued); *Colonel Anthony P. Datti-*

lo and *Lieutenant Colonel Ronald A. Rodgers* (on brief).

Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of 1 specification each of making false official statements and of making a false claim against the United States, violations of Articles 107 and 132, Uniform Code of Military Justice, 10 USC §§ 907 and 932, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 2 months, and reduction to pay grade E-1. In accordance with a pretrial agreement, the convening authority only approved so much of the sentence as called for a bad-conduct discharge, 43 days of confinement, and reduction to pay grade E-1. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished memorandum decision.

On appellant's petition for review of his case, we specified the following issues:

I

WHETHER THE STIPULATION OF FACT (PROS. EX. 1) THAT WAS ADMITTED AS EVIDENCE DURING APPELLANT'S PROVIDENCE INQUIRY VIOLATED MIL.R.EVID. 707 AND *UNITED STATES V. SCHEFFER*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), BECAUSE IT STATED THAT APPELLANT AGREED TO TAKE A POLYGRAPH TEST AND THE TEST RESULTS REVEALED DECEPTION ON HIS PART.

· II

WHETHER APPELLANT'S PRETRIAL AGREEMENT IS ILLEGAL OR VOID BECAUSE IT CONTAINED A STIPULATION TO USE POLYGRAPH EVIDENCE AT APPELLANT'S COURT-MARTIAL IN VIOLATION OF MIL. R.EVID. 707 AND *UNITED STATES V.*

*SCHEFFER*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998).

We affirm for the reasons set forth below.

## I. THE REFERENCE TO POLYGRAPH EVIDENCE

### A. Factual Setting

Appellant discovered his stereo speakers were missing in November 1997, on the day his household goods were being packed for shipment. Appellant did not attribute the theft to the movers, but assumed that someone had stolen the speakers prior to the move. Rather than reporting the theft, appellant filed a claim on April 22, 1998, for loss of personal property during the move, listing the speakers as missing from his shipment.

In May 1998, appellant was interviewed twice by base security personnel about his claim. Each time, he stated that the speakers were missing from his shipment. Appellant agreed to take a polygraph test. When confronted with the polygraph results, he admitted to filing a false claim and lying to the investigator.

Appellant entered into a pretrial agreement and pled guilty to making a false claim and making false official statements. Appellant was required to agree to "reasonable stipulations concerning the facts and circumstances" of his case.

During the providence inquiry, the military judge reviewed the elements of the offenses, questioned appellant, and received appellant's description of the events at issue and his admission of guilt. After appellant completed his responses to the providence inquiry, the military judge briefly examined the stipulation of fact, which noted that appellant had agreed to take a polygraph test and that the "test results revealed deception." He admitted the stipulation into evidence and entered findings of guilty. Appellant made no objections during the providence inquiry.

### B. The Legal Setting

■ Evidence that otherwise would be inadmissible under the Military Rules of Evidence may sometimes be admitted at trial through a stipulation, if the parties expressly agree, if there is no overreaching on the part

of the Government in obtaining the agreement, and if the military judge finds no reason to reject the stipulation "in the interest of justice." *United States v. Glazier*, 26 MJ 268, 270 (CMA 1988). Mil.R.Evid. 707, Manual for Courts–Martial, United States (1998 ed.), creates an express prohibition on use of polygraph evidence in courts-martial. Subsection (a) of the rule provides:

> Notwithstanding any other provision of law, the results of a polygraph examination, the opinion of a polygraph examiner, or any reference to an offer to take, failure to take, or taking of a polygraph examination, shall not be admitted into evidence.

The Analysis indicates that the rule was adopted for several reasons, including a concern that the "reliability of polygraph evidence" had not been established and its use in trials could affect "the integrity of the judicial system." According to the Analysis, Mil.R.Evid. 707 "adopts a bright-line rule that polygraph evidence is not admissible by any party to a court-martial even if stipulated to by the parties." Manual, *supra* at A22–49.

The Supreme Court upheld the constitutionality of the *per se* exclusion of polygraph evidence under Mil.R.Evid. 707 when the rule was challenged as an abridgement of an accused's right to present a defense. *United States v. Scheffer*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). In reaching its decision, the Court held that "[t]he approach taken by the President in adopting Rule 707—excluding polygraph evidence in all military trials—is a rational and proportional means of advancing the legitimate interest in barring unreliable evidence." *Id.* at 312, 118 S.Ct. at 1266.

### C. Discussion

■ A stipulation of fact, which noted that appellant agreed to take a polygraph test and that he failed the test, was admitted into evidence against appellant during the providence inquiry following his pleas of guilty. Appellant made no objections at his court-martial and raised no issues on appeal. We granted review to determine whether this stipulation and the pretrial agreement, to the extent it required the stipulation, violated the ban on polygraph evidence announced in Mil. R.Evid. 707 and upheld in *United States v. Scheffer, supra.*

■ In general, error may not be based upon admission of evidence unless there is a timely objection on the record. Mil.R.Evid. 103(a)(1). However, an appellate court may take notice of plain error even though not brought to the attention of the military judge, if the appellant demonstrates that there was an "error," that the error was "plain" ("clear" or "obvious"), and that the error "materially prejudice[d] the substantial rights of" the appellant. *United States v. Powell,* 49 MJ 460, 463–65 (1998); *see* Mil. R.Evid. 103(d); Art. 59(a), UCMJ, 10 USC § 859(a).

Appellant has met his burden of proving the first two prongs of the plain-error test. Under Mil.R.Evid. 707 and *United States v. Scheffer, supra,* no evidence relating to polygraph testing may be admitted in a court-martial, even via a stipulation of fact. The military judge committed a plain and obvious error by admitting the stipulation into evidence during the providence inquiry. As to the final prong of the test, appellant has not persuaded this Court that the error materially prejudiced his substantial rights.

Appellant argues that the military judge must have considered the polygraph evidence when making his findings and adjudging a sentence because he failed to exclude the impermissible evidence. Review of the record reveals that the providence inquiry was substantially complete before the military judge admitted the stipulation of fact into evidence. The military judge advised appellant of his rights, explained the elements of the offenses with which he was charged, questioned appellant, and received his version of the events and a complete admission of guilt before considering the stipulation. When trial counsel offered the stipulation at the start of the providence inquiry, the judge refused it, stating: "I like to look at that only after I've completed the inquiry, so I don't get confused by the lawyers' version of the events." There is no evidence that the military judge found it necessary to rely upon the polygraph evidence in order to accept

appellant's pleas as provident. We hold that appellant suffered no prejudice as a result of the erroneous admission of the polygraph evidence via the stipulation.

Senior Judge Everett's separate opinion raises the question whether, in some future case, introduction of evidence concerning a polygraph examination would be necessary to avoid violating a constitutional or statutory right of the accused, which he illustrates through a scenario based upon *Cooke v. Orser*, 12 MJ 335 (CMA 1982). Our decision in this case is based upon the text of the Rule and the Supreme Court's interpretation of the Rule in *United States v. Scheffer, supra*. In *Scheffer*, the Supreme Court noted "widespread uncertainty" about the reliability of polygraphy and concluded that an accused does not have a constitutional right under the Sixth Amendment to present polygraph evidence for exculpatory purposes at trial. 523 U.S. at 312, 317, 118 S.Ct. 1261. The present case, like *Scheffer*, does not present the issue of whether Mil.R.Evid. 707's "bright line" ban on polygraph evidence violates any other constitutional or statutory right of an accused.

## II. THE PRETRIAL AGREEMENT

▪ In light of our ruling on the first specified issue, we need not address Issue II, which asks whether appellant's pretrial agreement is illegal or void because it required a stipulation to use polygraph evidence at appellant's court-martial. We do note, however, that the pretrial agreement did not specifically require the stipulation to include a reference to the polygraph evidence, but merely called for "reasonable stipulations concerning the facts and circumstances" of appellant's case. Insofar as that phrase could be interpreted to require the polygraph evidence, the appropriate remedy would be to not enforce the impermissible terms and to strike the reference to the polygraph from the stipulation. *See* RCM 705(c)(1)(B), Manual, *supra*; *United States v. McLaughlin*, 50 MJ 217, 218–19 (1999). For the reasons noted above, striking those references does not affect the providence of the plea.

## III. CONCLUSION

The record makes clear that the military judge did not condition acceptance of appellant's guilty pleas on the mention of the polygraph evidence in the stipulation of fact. Likewise the pretrial agreement was not interpreted to require the polygraph evidence. The providence inquiry was substantially complete, and the military judge had already heard appellant's admission of guilt before the polygraph evidence was even introduced at trial. In that context, we find that the error in admission of the portions of the stipulation dealing with polygraph evidence was not prejudicial. *See* Art. 59(a).

## IV. DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

CRAWFORD, Chief Judge (concurring in the result):

Mil.R.Evid. 707, Manual for Courts–Martial, United States (1998 ed.), like other rules of evidence, may be waived. It is similar to Fed.R.Evid. 410. *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995). When the Ninth Circuit held that Fed.R.Evid. 410 could not be waived, the Supreme Court stated:

> The Ninth Circuit's analysis is directly contrary to the approach we have taken in the context of a broad array of constitutional and statutory provisions. Rather than deeming waiver presumptively unavailable absent some sort of express enabling clause, we instead have adhered to the opposite presumption.... A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution.... Likewise, absent some affirmative indication of Congress' intent to preclude waiver, we have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties.

*Id.* at 200–01, 115 S.Ct. 797 (citations omitted). That rationale applies here.

Additionally, polygraph evidence may be admissible under the invited-error, curative-admissibility, or opening-the-door doctrine.

EVERETT, Senior Judge (concurring in the result):

I concur in the result. If error occurred at trial—as Judge Effron concludes it did—clearly it could not have prejudiced appellant.

I have serious doubts, however, that error was committed. Admittedly, Mil.R.Evid. 707(a) imposes a broad prohibition on admission into evidence of polygraph results. This prohibition, which goes beyond the limitations on admissibility of such evidence in the federal district courts, presumably is based on a conclusion by the President that in this instance it is not "practicable" to "apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts." Art. 36(a), UCMJ, 10 USC § 836(a). How the President and his advisers reached that conclusion is unclear to me; and after reading the various opinions in *United States v. Scheffer*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998), I infer that for five of the nine Justices, the basis for that conclusion also is unclear. Nevertheless, by an 8–to–1 vote, the Supreme Court upheld Rule 707's bar to admission in evidence of the results of a polygraph test; and so we are bound by the Rule.

Some care is required, however, in the interpretation and application of Mil.R.Evid. 707(a). For example, the Analysis of the Rule—which Judge Effron quotes—states that "polygraph evidence is not admissible by any party to a court-martial even if stipulated to by the parties." 53 MJ at 282. This conclusion as to the lack of effect of a stipulation by the parties does not seem to rest on the language of Mil.R.Evid. 707, which makes no explicit reference to stipulations. Furthermore, to interpret Mil.R.Evid. 707 in this manner conflicts with the principle implicit in Article 36(a) that, so far as "practicable," evidence admissible in criminal trials in fed-

eral district courts shall also be admissible in trials by courts-martial. Therefore, it is significant that the Supreme Court recently held that a defendant may validly waive the express provision in Fed.R.Crim.P. 11(e)(6) prohibiting use against a defendant in any criminal or civil proceeding of statements made by him in discussing a potential pre-trial agreement. *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995). Similarly, in *United States v. Piccinonna*, 885 F.2d 1529, 1536 (1989), the Court of Appeals for the Eleventh Circuit sitting *en banc* concluded that polygraph testimony would be admissible when the "parties stipulate in advance as to the circumstances of the test and as to the scope of its admissibility." [1] In light of these precedents this Court should not accept the sweeping interpretation of Mil.R.Evid. 707 which Judge Effron seems to adopt.

Finally, it deserves note that to apply Mil.R.Evid. 707(a) with complete literalism would yield some unanticipated results. For example, the accused in *Cooke v. Orser*, 12 MJ 335 (CMA 1982), received the benefit of a bargain he made with Air Force representatives whereunder he would not be prosecuted if information he provided was confirmed by polygraph tests; but under the language of Mil.R.Evid. 707—if interpreted literally—a court-martial would not have been able to consider evidence that an agreement had been made for Lieutenant Cooke to take a polygraph test and for the parties to be bound by the results thereof.

In view of the extensive use of polygraph tests in connection with interrogations, other situations can readily be imagined in which taking a polygraph test and discussing the results with a suspect may be logically quite relevant in determining whether the suspect's subsequent statement to investigators was voluntary. I doubt that the President intended to exclude all reference to polygraph testing under these circumstances. Likewise, I question whether Mil.R.Evid. 707 was intended to apply in sentencing and to

1. Moreover, the majority (8–4) was willing to allow polygraph evidence under some circum-

stances even without a stipulation.

preclude the prosecution from showing on cross-examination or by rebuttal evidence that an accused who sought a lenient sentence because he had "repented" and had voluntarily confessed, made a truthful statement only after a polygraph test indicated deception on his part.[2]

In short, by finding that an error was committed at trial in this case, the Court may be setting the scene for unintended and undesirable consequences in future cases.

**2.** This hypothetical bears some resemblance to the case at bar.