# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40437 (f rev)**

————————————

**UNITED STATES**
*Appellee*

v.

**Dietrich A. SMITH**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 January 2026

————————————

*Military Judge*: Charles G. Warren.

*Sentence*: Sentence adjudged 15 December 2022 by GCM convened at
Minot Air Force Base, North Dakota. Sentence entered by military judge
on 23 February 2023: Dishonorable discharge, confinement for 14
months, reduction to E-1, and a reprimand.

*For Appellant*: Lieutenant Colonel Kasey W. Hawkins, USAF; Lieutenant
Colonel Luke D. Wilson, USAF; Major Frederick J. Johnson, USAF.

*For Appellee*: Lieutenant Colonel Pete Ferrell, USAF; Lieutenant
Colonel Jenny Liabenow, USAF; Lieutenant Colonel Meredith L. Steer,
USAF; Major Vanessa Bairos, USAF; Major Regina Henenlotter, USAF;
Major Kate E. Lee, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen
Payne, Esquire.

Before GRUEN, PERCLE, and MORGAN, *Appellate Military Judges*.

Senior Judge GRUEN delivered the opinion of the court, in which Judge
PERCLE and Judge MORGAN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as
precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GRUEN, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful possession of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 14 months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or the sentence.[2]

Appellant raises two issues on appeal, which we have rephrased: (1) whether the military judge failed to elicit a factual basis for the specification rendering Appellant's plea improvident; and (2) whether the military judge committed plain error by admitting and considering improper evidence in aggravation under Rule for Courts-Martial (R.C.M.) 1001(b)(4). After carefully considering both issues, we find Appellant is not entitled to relief.

## I. BACKGROUND

The Charge and its Specification alleged that Appellant, between on or about 1 January 2017 and on or about 5 May 2020, knowingly and wrongfully possessed child pornography, in violation of Article 134, UCMJ. This specification alleged possession of "photographs, videos, and digital images of a minor, or what appeared to be a minor, engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces." An Additional Charge and its Specification alleged that Appellant, between on or about 1 January 2017 and on or about 5 May 2020, knowingly possessed obscene visual depictions of a minor engaging in sexually explicit conduct, also in violation of Article 134, UCMJ. This additional specification alleged the knowing possession of "obscene visual depictions of minors engaging in sexually explicit conduct, and such visual depictions were transported in interstate or foreign commerce by means of the [I]nternet, in violation of 18 U.S.C. § 1466A, an offense not capital."

---

[1] All references in this opinion to the UCMJ, Rules for Courts-Martial (R.C.M.), and Military Rules of Evidence (Mil. R. Evid.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The convening authority decision on action memorandum (CADAM) stated the convening authority suspended the adjudged forfeitures, but Appellant's sentence did not include adjudged forfeitures. This error was likely predicated by an error in the Statement of Trial Results, which erroneously listed "adjudged forfeitures" as part of the sentence. The military judge exercised his authority under R.C.M. 1104(b)(2)(B)(ii) to correct the CADAM and declared the provision suspending adjudged forfeitures a "legal nullity." Appellant claims no prejudice from this irregularity, and we find none.

Appellant entered into a plea agreement with the convening authority, wherein Appellant agreed to plead guilty to the Charge and its Specification, in exchange for the withdrawal and dismissal of the Additional Charge and its Specification, which upon the military judge's acceptance of Appellant's plea, but prior to the military judge's announcement of findings, would be withdrawn and dismissed with prejudice. The plea agreement also required the military judge, upon acceptance of Appellant's guilty plea, to enter a sentence that included no less than 10 months of confinement, but no more than 15 months of confinement, and a dishonorable discharge.

## A. Providency of Plea – Terminal Element

During the plea inquiry, the military judge discussed the elements of the sole offense with Appellant, to include advising him on the terminal element, stating in pertinent part:

> "[S]ervice discrediting conduct" is defined as conduct which tends to harm the reputation of the service or lower it in public esteem. I also advise you as a matter of law that service discrediting doesn't mean that any particular member of the public now finds the Air Force to be in lower esteem, but an objective member of the public fully informed of all of the circumstances—that it would tend to lower the esteem of the Armed Forces in their perspective.

The military judge then asked Appellant if he understood this definition, to which Appellant responded, "Yes, sir." The military judge then asked Appellant to explain in his own words why he believed he was guilty of the offense.

Appellant proceeded to provide a thorough description of the images he possessed, to include having in his possession at the time law enforcement knocked on his door in the spring of 2020, 13 pornographic images and one video of minors; that he knew the images contained children performing sexual acts, which he described in vulgar detail; the manner in which he possessed the images in that he possessed these images in a "photo vault" on his cell phone in a folder labeled with a skull and crossbones; and that he password-protected and encrypted the images because he "knew that the contents of it were bad," meaning they were "immoral and unlawful."

Appellant, now on appeal, claims in his first issue that "the military judge wholly failed to elicit any facts from Appellant regarding the terminal element of the offense during the providency inquiry."

**B. Stipulation of Fact**

As part of the plea agreement, Appellant agreed to enter into a reasonable stipulation of fact concerning the facts and circumstances surrounding the offense to which he agreed to plead guilty. Appellant agreed that the facts in the stipulation of fact "are true and admissible for all purposes in [his case], to include matters in aggravation." The stipulation of fact consists of 21 numbered paragraphs and seven attachments, totaling 39 pages of agreed upon facts. Appellant specifically stipulated "to the foundation, authentication, and admissibility of the attachments to [the] stipulation."

Attachment 7 to the stipulation of fact is a disc containing 13 images and one video, all contraband images of child pornography forming the basis of Appellant's offense to which he pleaded guilty. In paragraph 12 of the stipulation, Appellant agreed and admitted that he did knowingly and wrongfully possess child pornography as charged and "that said conduct was of a nature to bring discredit upon the armed forces." He agreed that the files on his cell phone and contained in Attachment 7 met the definition of child pornography; that he knowingly possessed the images and knew it was wrongful; that the contraband images were intended to elicit a sexual response in the viewer; that he had no legal or other justification for possessing the images; that he could have avoided such conduct if he had wanted to; and that both civilian and military law enforcement were involved in the investigation into his possession of suspected child pornography. In paragraph 18 of the stipulation Appellant admits that his "possession of child pornography was of a nature to bring discredit upon the armed forces because such a crime would harm and lower the reputation of the service in public esteem."

Attachment 4 to the stipulation of fact is a disc containing three images, one Graphics Interchange Format (GIF), and one video of "age indeterminate" persons involved in pornographic conduct. The military judge stated he would use the images in Attachment 4 as aggravation evidence when determining Appellant's sentence. This attachment forms the basis of Appellant's second issue on appeal.

With respect to Attachment 4 to the stipulation, the military judge stated:

> So to be clear here, . . . looking at Attachment 4, these other images that the [G]overnment ultimately didn't charge you with and you didn't plead guilty to, they're used as aggravation evidence to place into context the images that you did plead guilty to. . . . So I'll use [Attachment 4] to do things, like, look at, "Well, these are other images that were -- with data at a particular time. Did that inform your intent in what you were

looking at?" And, you know, how, you know, the types of material that you were generally interested in.

The military judge further advised Appellant that he "cannot be punished additionally for the aggravating circumstances." He informed Appellant that he would be "punished solely for the conduct of which [he was] convicted" and made clear he would only consider the information in Attachment 4 to the stipulation to "contextualize the images to which [Appellant] pled guilty." The military judge then asked Appellant if he understood what he just said, to which Appellant replied, "Yes, Your Honor." The military judge then asked trial defense counsel if there was any objection to the military judge considering Attachment 4 as aggravation evidence, in the way the military judge proposed, to which trial defense counsel responded, after conferring with Appellant, "No, Your Honor."

Before the military judge announced Appellant's sentence, he provided the following statement to Appellant:

> [T]his [c]ourt carefully reviewed all of the evidence that you submitted here at sentencing for extenuation and mitigation. In particular, Doctor [SM's] Memorandum concerning his evaluation of you and your childhood traumas dealing with family, turmoil, child sex abuse, exposure to pornography at a young age. I also reviewed the character letters submitted by family members, friends, co-workers, and your written unsworn statement. The marching orders of R.C.M. 1002(f) is essentially to temper justice with mercy. For punishment that's sufficient but not greater than necessary to protect good order and discipline, safeguard society, ensure your rehabilitation . . . as punishment.

The military judge went on to say that he was convinced of Appellant's remorse and recognized that he had begun to take accountability with his voluntary plea of guilty, which the military judge said he took into account as "a potential matter in mitigation" when determining Appellant's sentence. There was no mention by the military judge of any matters in aggravation that he considered when determining the final appropriate sentence for Appellant.

## II. DISCUSSION

### A. Law

#### 1. Providency of Plea and Stipulation of Fact

This court reviews "questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). However, we

review a military judge's decision to accept an accused's guilty plea for an abuse of discretion. *United States v. Riley*, 72 M.J. 115, 119 (C.A.A.F. 2013) (quoting *Inabinette*, 66 M.J. at 322). In determining whether a military judge abused his discretion in accepting a guilty plea as provident, "an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996).

"During a guilty plea inquiry[,] the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Forbes*, 78 M.J. 279, 281 (C.A.A.F. 2019) (citation omitted). "A plea is provident so long as [the a]ppellant was 'convinced of, and [was] able to describe, all of the facts necessary to establish [his] guilt.'" *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015) (second and third alterations in original) (quoting *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003)). The military judge may consider both the stipulation of fact and the inquiry with the appellant when determining if the guilty plea is provident. *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citation omitted). However, Article 45(a), UCMJ, requires military judges to reject a plea of guilty "if it appears that [an accused] has entered the plea of guilty improvidently." 10 U.S.C. § 845(a).

"[W]hen a plea of guilty is attacked for the first time on appeal, the facts will be viewed in the light most favorable to the [G]overnment." *United States v. Arnold*, 40 M.J. 744, 745 (A.F.C.M.R. 1994) (citation omitted). Reviewing courts "must accept all of the facts in the parties' stipulation as true." *United States v. Castro*, 81 M.J. 209, 211 (C.A.A.F. 2021) (citation omitted). This is so because "[u]nless properly withdrawn or ordered stricken from the record, a stipulation of fact that has been accepted is binding on the court-martial and may not be contradicted by the parties thereto." *Id.* (quoting R.C.M. 811(e)).

An appellant bears the "burden to demonstrate a substantial basis in law and fact for questioning the plea." *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014) (quoting *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004)). When entering a guilty plea, the accused should understand the law in relation to the facts. *United States v. Care*, 40 C.M.R. 247, 251 (C.M.A. 1969). "This court must find a substantial conflict between the plea and the accused's statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is not sufficient." *Id.* (internal quotation marks and citation omitted).

The elements of the offense to which Appellant pleaded guilty are: (1) that Appellant knowingly and wrongfully possessed child pornography; and (2) that under the circumstances, the conduct of Appellant was of a nature to bring discredit upon the armed forces. *Manual for Courts-Martial, United States*

(2019 ed.) (*MCM*), pt. IV, ¶ 95.b.(1). "Child pornography" is defined as "material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of an actual minor engaging in sexually explicit conduct." *MCM*, pt. IV, ¶ 95.c.(4).

To prove the terminal element "of a nature to bring discredit upon the armed forces," the Government must prove that the conduct "has a tendency to bring the service into disrepute or [ ] tends to lower it in public esteem." *United States v. Heppermann*, 82 M.J. 794, 799 (A.F. Ct. Crim. App. 2022) (omission in original) (citing *MCM*, pt. IV, ¶ 91.c.(3)). "In the past [our superior court has] repeatedly held that the terminal element of an Article 134, UCMJ, offense is not inherently included within other elements and is instead a separate and distinct element that the [G]overnment must prove." *United States v. Coleman*, 79 M.J. 100, 103–04 (C.A.A.F. 2019) (citation omitted).

"Whether any given conduct [is service discrediting] is a question for the trier of fact to determine, based upon all the facts and circumstances; it cannot be conclusively presumed from any particular course of action." *Heppermann*, 82 M.J. at 801 (alteration in original) (citing *United States v. Phillips*, 70 M.J. 161 (C.A.A.F. 2011)). "The degree to which others became aware of the accused's conduct may bear upon whether the conduct is service discrediting, but actual public knowledge is not a prerequisite." *Id.* (alterations, internal quotation marks, and citations omitted). The trier of fact must determine beyond a reasonable doubt that the conduct alleged actually occurred and must also evaluate the nature of the conduct and determine beyond a reasonable doubt that the accused's conduct would tend to bring the service into disrepute if it were known. *Id.* at 801–02 (citations omitted).

### 2. Admissibility of Evidence in Aggravation

#### a. Admissibility of Evidence

We review a military judge's ruling on the admissibility of evidence for "an abuse of discretion." *United States v. McElhaney*, 54 M.J. 120, 129 (C.A.A.F. 2000). Relevant evidence is generally admissible. Mil. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Mil. R. Evid. 401. Evidence, that may otherwise be inadmissible under the Military Rules of Evidence, "may sometimes be admitted at trial through a stipulation, if the parties expressly agree, if there is no overreaching on the part of the Government in obtaining the agreement, and if the military judge finds no reason to reject the stipulation 'in the interest of justice.'" *United States v. Clark*, 53 M.J. 280, 281–82 (C.A.A.F. 2000) (citation omitted).

R.C.M. 1001(b)(4), *Evidence in aggravation*, states

> Trial counsel may present evidence as to any aggravating circumstance directly relating to . . . the offenses of which the accused has been found guilty. . . . In addition, evidence in aggravation may include evidence that the accused intentionally selected any victim or any property as the object of the offense because of the actual or perceived . . . sex (including pregnancy), gender (including gender identity), disability, or sexual orientation of any person.

In sentencing an accused, "the court-martial shall impose punishment that is sufficient, but not greater than necessary, to promote justice and to maintain good order and discipline in the armed forces, taking into consideration . . . the nature and circumstances of the offense and the history and characteristics of the accused . . . ." R.C.M. 1002(f). "Any evidence admitted by the military judge during the presentencing proceeding under R.C.M. 1001, and . . . [a]ny evidence admitted by the military judge during the findings proceeding," may be considered. R.C.M. 1002(g)(1)–(2).

### b. Waiver

"We review whether an appellant has waived an issue, a question of law, de novo." *United States v. Givens*, 82 M.J. 211, 215 (C.A.A.F. 2022) (citation omitted). The voluntariness of a waiver is also reviewed de novo; voluntariness "is measured by reference to the surrounding circumstances." *United States v. Hasan*, 84 M.J. 181, 198 (C.A.A.F. 2024) (citation omitted). "A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). However, "for waiver to be effective it must be clearly established that there was an intentional relinquishment of a known right or privilege." *United States v. Suarez*, __ M.J. __, No. 25-0004, 2025 CAAF LEXIS 651, at *13 (C.A.A.F. 5 Aug. 2025) (citing *United States v. Smith*, 85 M.J. 283, 287 (C.A.A.F. 2024) (quoting *United States v. Sweeney*, 70 M.J. 296, 303–04 (C.A.A.F. 2011)). "When . . . an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). "An effective waiver leaves no error to correct on appeal." *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020).

"Waiver can occur either by operation of law," such as an unconditional guilty plea, "or by the 'intentional relinquishment or abandonment of a known right.'" *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018) (quoting *Sweeney*, 70 M.J. at 303) (citing *United States v. Hardy*, 77 M.J. 438, 441–42 (C.A.A.F. 2018)). The Supreme Court has held that waiver need not be expressed; an implied waiver can be established through a "course of conduct indicating

waiver." *Berghuis v. Thompkins*, 560 U. S. 370, 383–84 (2010) (quoting *North Carolina v. Butler*, 441 U. S. 369, 373 (1979)).

**B. Analysis**

### 1. Providency of Plea – Terminal Element

The issue at bar is whether the military judge abused his discretion when he accepted Appellant's pleas to wrongful possession of child pornography as provident and convicted him accordingly. The question as to whether Appellant did in fact wrongfully and knowingly possess child pornography, for which he was found guilty pursuant to his guilty plea, is not in issue here. Rather, Appellant contends that "the military judge wholly failed to elicit any facts from Appellant regarding the terminal element of the offense during the providency inquiry," and therefore, Appellant believes his plea is improvident and must be set aside. We do not agree that the military judge "wholly failed to elicit any facts" regarding the terminal element and find the facts elicited from Appellant on this element were sufficient to support his conviction for this offense.

There are two elements which must be factually satisfied in order for Appellant's conviction for wrongful possession of child pornography pursuant to Article 134, UCMJ, to stand. As stated, Appellant does not challenge that he pleaded sufficiently to the first element—that he knowingly and wrongfully possessed child pornography. Appellant takes umbrage with the military judge's finding that his plea was provident because Appellant now claims that the second element was not satisfied by his dialogue with the military judge during his plea inquiry—the requirement to show that under the circumstances, the conduct of Appellant was of a nature to bring discredit upon the armed forces. *See MCM*, pt. IV, ¶ 95.b.(1). In this connection, we note the several ways in which the military judge did his due diligence in eliciting facts to support this element.

First, during the plea inquiry, the military judge thoroughly discussed the elements of the offense with Appellant, to include advising him on the terminal element as provided in section I.A of this opinion, *supra*. The military judge asked Appellant if he understood the definition of service discrediting conduct, to which Appellant responded, "Yes, sir."

More importantly, the very next thing the military judge did was ask Appellant to explain in his own words why he believed he was guilty of the offense—effectively to provide the military judge with facts to support both elements of the offense. As noted *supra* and worth repeating, Appellant proceeded to provide a thorough description of the images he possessed—to include having in his possession at the time law enforcement knocked on his door in the spring of 2020, 13 pornographic images and one video of minors;

that he knew the images contained children performing sexual acts, which he described in vulgar detail; the manner in which he possessed the images in that he possessed them in a "photo vault" on his cell phone in a folder labeled with a skull and cross-bones; and that he password-protected and encrypted the images because he "knew that the contents of it were bad" meaning they were "immoral and unlawful." These facts do not merely support the first element of the charged offense, that he knowingly and wrongfully possessed child pornography. These facts also support the second element of the charged offense in that the vulgar description of the images he possessed, the fact that he, as a military member, secreted these images away in a "photo vault" because they were "immoral and unlawful" knowing the images were "bad," show that Appellant was testifying that under the circumstances, his conduct was of a nature to bring discredit upon the armed forces. He knew what he was doing was "bad" and he did not want anyone knowing that he, a member of the armed forces, was indulging in viewing this obscene and vulgar material.

Moreover, as part of his plea agreement, Appellant agreed to enter into a reasonable stipulation of fact concerning the facts and circumstances surrounding the offense to which he agreed to plead guilty. When discussing his criminal conduct with the military judge during the plea inquiry, Appellant did not "set[ ] up [any] matter[s] inconsistent with the plea" at any time during the proceeding. *Garcia*, 44 M.J. at 498 (quoting Article 45(a), UCMJ). Conversely, Appellant agreed that everything in the stipulation was true and correct to the best of his knowledge and belief, to include acknowledging "that said conduct was of a nature to bring discredit upon the armed forces." He agreed that the files on his cell phone and contained in Attachment 7 to the stipulation of fact met the definition of child pornography; that he knowingly possessed the images even knowing it was wrongful; that the contraband images were intended to elicit a sexual response in the viewer; that he had no legal or other justification for possessing the images; that he could have avoided such conduct if he had wanted to; and that both civilian and military law enforcement were involved in the investigation into his possession of suspected child pornography. He then again admitted in paragraph 18 of the stipulation that his "possession of child pornography was of a nature to bring discredit upon the armed forces because such a crime would harm and lower the reputation of the service in public esteem." Clearly the reason such a crime would harm and lower the reputation of the service in public esteem is directly connected to the facts he provided describing his indulgence in viewing vulgar images of child pornography.

"A plea is provident so long as [the a]ppellant was convinced of, and was able to describe, all of the facts necessary to establish his guilt." *Murphy*, 74 M.J. at 308 (alterations in original, internal quotation marks, and citation omitted). Viewing the entire record, we are convinced that Appellant was able

to describe all the facts necessary to establish his guilt and that when he entered his guilty plea, he understood the law in relation to the facts. *Care*, 40 C.M.R. at 251. "This court must find a substantial conflict between the plea and [Appellant's] statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is not sufficient." *Id.* (internal quotation marks and citation omitted). Appellant bears the "burden to demonstrate a substantial basis in law and fact for questioning the plea." *Finch*, 73 M.J. at 148 (quoting *Negron*, 60 M.J. at 141). After a thorough and careful review of the record of trial, we find there is no substantial conflict between the plea and Appellant's statements or other evidence in the record and that Appellant has not met his burden to demonstrate a substantial basis in law and fact for questioning his plea. We therefore find his plea was provident and the military judge did not abuse his discretion in accepting Appellant's pleas and finding him guilty pursuant thereto.

### 2. Admissibility of Evidence in Aggravation

#### a. Admissibility

Appellant's main complaint regarding the military judge's admission of Attachment 4 to the stipulation of fact is that he abused his discretion when he admitted it and used it as matters in aggravation to determine Appellant's sentence. We do not agree. We concur with the Government that "the age difficult images [contained in Attachment 4] further demonstrated Appellant's interest and intent to [locate] images of young females engaged in sexually explicit conduct," and were thus relevant and admissible. Further, we note that "[e]vidence that otherwise would be inadmissible under the Military Rules of Evidence may sometimes be admitted at trial through a stipulation," so long as the parties expressly agree, there is no overreaching on the part of the Government in obtaining the agreement, and the military judge finds no reason to reject the stipulation "in the interest of justice." *Clark*, 53 M.J. at 281–82. We find the parties expressly agreed "to the foundation, authentication, and admissibility of the attachments to [the] stipulation," and "agree[d] to the use of [the] attachments for all purposes, including matters in aggravation . . . ." We find no overreaching on the part of the Government and the military judge did not reject the stipulation "in the interest of justice" during Appellant's court-martial. Therefore, the images contained in Attachment 4 to the stipulation of fact were admissible.

We find no error in the military judge's purported use of the images in Attachment 4 of the stipulation of fact. Aside from the military judge stating the general proposition that "they're [the images] used as aggravation evidence to place into context the images that you did plead guilty to," we are unable to find evidence to support Appellant's contention that the military judge did in

fact use the images in Attachment 4 as matters in aggravation. Before the military judge announced Appellant's sentence, he stated the following:

> This court carefully reviewed all of the evidence that you submitted here at sentencing for *extenuation and mitigation*. In particular, Doctor [SM's] Memorandum concerning his evaluation of you and your childhood traumas dealing with family, turmoil, child sex abuse, exposure to pornography at a young age. I also reviewed the character letters submitted by family members, friends, co-workers, and your written unsworn statement. The marching orders of R.C.M. 1002(f) is essentially to temper justice with mercy. For punishment that's sufficient but not greater than necessary to protect good order and discipline, safeguard society, ensure your rehabilitation.

(Emphasis added).

The military judge went on to say he was convinced of Appellant's remorse and recognized that he had begun to take accountability with his voluntary plea of guilty, which the military judge said he took into account as "a potential matter in mitigation" when determining Appellant's sentence. There was no mention by the military judge of any matters in aggravation that he considered when determining the final appropriate sentence for Appellant. The military judge specifically advised Appellant that he "cannot be punished additionally for the aggravating circumstances," referring to the images contained in Attachment 4 to the stipulation of fact. The military judge further informed Appellant that he would be "punished solely for the conduct of which [he was] convicted." Appellant has failed to meet his burden to demonstrate error—our observation is that there is no evidence to support the military judge committed error, let alone plain error. Further, based on the language agreed upon in the stipulation of fact, we find Appellant waived this issue for appellate purposes.

### b. Waiver

Assuming the military judge did consider Attachment 4 as aggravation evidence, not only do we find it was an appropriate use, but we find Appellant waived any potential issue related to such consideration. When addressing Attachment 4 to the stipulation of fact the military judge informed Appellant and his counsel that he was going to use Attachment 4 "as aggravation evidence to place into context the images that [Appellant] did plead guilty to . . . ." He further stated that "these are other images that were with data at a particular time" and "inform intent in what [Appellant was] looking at," and "how . . . the types of material that [Appellant was] generally interested in." After such advice, the military judge asked Appellant if he understood what he

just said, to which Appellant replied, "Yes, Your Honor." The military judge then asked trial defense counsel if there was any objection to the military judge considering the evidence found in Attachment 4 to the stipulation of fact, in the way the military judge proposed, to which trial defense counsel responded, after conferring with Appellant, "No, Your Honor."

We find not only did the military judge not abuse his discretion in admitting and using the images in Attachment 4 to the stipulation of fact as he proposed, but Appellant also waived any issues with respect to this matter.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 59(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court